UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00034-JAW |
| | ) | |
| KEVIN CURTIS ANDERSON | ) | |

**ORDER DENYING MOTION FOR EARLY TERMINATION AND GRANTING
MOTION FOR ADDITION OF SPECIAL CONDITION
OF SUPERVISED RELEASE**

On June 15, 2015, the Court sentenced Kevin Curtis Anderson to twelve months of incarceration, three years of supervised release, and a $100 special assessment for violating 18 U.S.C. § 922(g)(1) by being a felon in possession of firearms. *J.* (ECF No. 85). Mr. Anderson was released from incarceration and commenced supervised release on July 18, 2016. He currently resides in the District of New Jersey.

On December 28, 2017, Mr. Anderson filed a motion to modify his supervised release pursuant to 18 U.S.C. § 3583(e), asserting that he had complied with "each and every standard and special condition." *Mot. to Modify and Terminate Supervised Release* Attach. 1 (*Def.'s Br. in Support of Modification and Termination of Supervised Release Pursuant to 18 U.S.C. [§] 3583(e) and F[ed.] R. C[iv.] P. 32.1(c)* at 2-3) (ECF No. 88). He states that he has suffered no violations of probation and has successfully returned to his home and employment. *Id.* at 3. Mr. Anderson says that he remains "in strict compliance" with the conditions of supervised release.

The Government presents a different picture. On January 25, 2018, the Government objected to Mr. Anderson's motion and moved the Court to impose an additional condition of supervised release, namely that Mr. Anderson have no direct or indirect contact with the victim of his federal offense or the victim's family. *Mot. of the United States for the Addition of Special Condition of Supervised Release and the Gov't's Resp. to Def.'s Mot. for Early Termination of Supervised Release* (ECF No. 91). Mr. Anderson has elected not to respond to the Government's motion.

In light of the fact that the victim's updated statement is unrefuted, the Court accepts the victim's statement of continued harassment as true. *Id.* Attach. 2 (*Letter from Victim to the Hon. John A. Woodcock, Jr.* at 1-2) (*Victim Letter*). The victim's statement is supported by the letter dated January 8, 2018 from Mr. Anderson's Probation Officer Bethany Crede, which concludes that Mr. Anderson "appears to present a safety risk to an identifiable victim." *Id.* Attach. 3 (*Letter from Bethany Crede, United States Probation Officer to James M. Moore, Assistant United States Att'y* at 1).

The Court is chagrined to learn that the Mr. Anderson is continuing to harass the victim of his state of New Jersey offense. The Court warns Mr. Anderson that the Court views his conduct in giving the middle finger to the victim, yelling and swearing at the victim, driving down the victim's dead end street, and contacting the victim's cellphone as serious and wholly unacceptable conduct. Mr. Anderson's prior harassment of this State Trooper and his family together with his continuing misconduct caused the Trooper to rent his home and move away from Mr. Anderson.

*Victim Letter* at 1. Despite the State Trooper's effort to avoid confrontation, Mr. Anderson has persisted. Accordingly, the Court has added the additional condition requested by the Government to protect the victim of the state crime from any such future actions, which if they occur, will constitute a violation of the conditions of supervised release and may subject Mr. Anderson to further incarceration. Based on this intolerable conduct, there is no basis to terminate Mr. Anderson's supervised release early.

The Court DENIES Kevin Curtis Anderson's Motion to Modify and Terminate Supervised Release (ECF No. 88) and GRANTS the Government's Motion of the United States for the Addition of Special Condition of Supervised Release (ECF No. 91). The Court AMENDS Kevin Curtis Anderson's special conditions of supervise release to include the following additional condition:

> The defendant shall neither knowingly have any direct or indirect contact with Trooper W. or any member of the family of Trooper W. nor shall the defendant knowingly have any verbal, written, telephonic or electronic communication with Trooper W. or any family member of Trooper W.

> SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February 2018